**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

-vs-                                                      Case No.  6:05-cr-131-Orl-19KRS

**C. KEITH LAMONDA,**
**JESSIE W. LAMONDA, and**
**JOHN L. MAYNARD.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion Of Defendant John Maynard To Strike Surplusage From The First Superseding Indictment (Doc. No. 183, filed March 1, 2006); and

2. Response Opposing Defendant's Motion To Strike Surplusage From The First Superseding Indictment of the United States of America (Doc. No. 201, filed March 10, 2006).

## Background

Defendant John Maynard moves the Court to Strike a portion of paragraph 12 of the First Superceding Indictment alleging that he is "a former Florida attorney specializing in taxation and estate planning." (Doc. No. 183, ¶ 1). He argues that this phrase is prejudicial and has nothing to do with the legal elements of the charged offenses. (*Id.* at ¶¶ 3, 5-6).

In response, the Government asserts that this phrase is relevant to the charges offenses and not prejudicial or inflammatory. (Doc. No. 201, pp. 3-5). It contends, first, that the phrase is relevant because it reflects Defendant's knowledge, intent and role in the charged conspiracies and,

second, that Defendant has failed to identify the alleged prejudicial or inflammatory effect of the quoted phrase. (*Id.* at 3-4).

## Discussion

The standard for striking surplusage from an indictment is "exacting." *United States v. Scrushy*, 2004 W.L. 483264, *1 (N.D. Ala. 2004) (quoting *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990)). As directed by the Eleventh Circuit, a motion to strike surplusage should not be granted unless it is clear that the allegations of the indictment (1) are not relevant to the charged offenses and (2) are inflammatory and prejudicial. *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992). This standard has not been met here.

References to Defendant's training and prior service as an attorney are relevant to his knowledge, intent and role in the charged conspiracies, especially in the structuring and control of funds in trust accounts. Moreover, there is nothing inflammatory nor prejudicial in the indictment's reference to Defendant Maynard as an attorney, and as stated by the Sixth Circuit, "this concept requires no elaboration." *United States v. Hughes*, 895 F.2d 1135, 1147 (6th Cir. 1990) (finding no error with the admission of evidence at trial of Defendant's former career as an attorney).

## Conclusion

Accordingly, the Court **DENIES** Defendant's Maynard's Motion to Strike Surplusage (Doc. No. 183).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March _30th___, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record